**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RENEE GOGGANS, RONALD FRENCH,<br>and TIFFANY CAHILL, individually and<br>on behalf of all others similarly situated,** | ) <br> ) <br> ) <br> ) | |
| **Plaintiffs,** | ) <br> ) | |
| **vs.** | ) <br> ) | **Case No. 16 C 2387** |
| **TRANSWORLD SYSTEMS, INC.,** | ) <br> ) | |
| **Defendant.** | ) <br> ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

Renee Goggans, Ronald French, and Tiffany Cahill filed a class-action complaint against Transworld Systems, Inc., alleging that Transworld made debt-collection phone calls using an autodialer in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Rosenthal Act, Cal. Civ. Code § 1788. Transworld has moved for summary judgment on the TCPA claims brought by Goggans and asks the Court to strike the class allegations from the complaint. For the reasons stated below, the Court denies Transworld's motion for partial summary judgment as well as the request to strike the class allegations.

**Background**[1]

In April 2012, Goggans went to Pacific Beach Urgent Care in San Diego, California for medical treatment. At that time, she completed a patient registration form. *See* Def.'s Am. Statement of Undisputed Material Facts (ASUMF), Ex. B (Avila Decl.) at TSI 002. She provided a cellular phone number ending in 6507 in two locations on the form: once in the patient information section and once in the responsible party section. Pls.' Resp. to Def.'s ASUMF ¶ 6. She did not provide any insurance information, and Pacific Beach marked her in its records as a private payer. *See* Avila Decl. at TSI 001–002. Goggans alleges that she paid in full for the services at the time of the appointment. *See* Pls.' Opp'n to Def.'s Am. Mot. for Partial Summ. J. (Pls.' Opp'n) at 3–4.

Despite this, Pacific Beach transferred Goggans' account to Transworld, a debt-collection company, apparently indicating that Goggans still owed money for these services. Def.'s ASUMF, Ex. C (Klein Decl.) ¶¶ 8–9. Pacific Beach provided Transworld with the cell phone number ending in 6507 as Goggans' contact number. Transworld began contacting Goggans in March 2013 to attempt to collect payment. The parties dispute the number of calls that occurred between March 2013 and May 2015, and they also dispute whether Goggans actually spoke with anyone during these calls. Jonathan Klein, Transworld's senior compliance manager, reviewed the company's records on Goggans' account and states that up until May 28, 2015, every call that Transworld placed to Goggans' cell phone was disconnected after Goggans

---

[1] Because Transworld has moved for summary judgment only on claims brought by Goggans, the Court does not discuss the factual background relating to French and Cahill.

answered but before the call was transferred to a Transworld representative. *Id.* ¶ 15.

Klein—who did not participate in any of the calls—also says that none of these calls

resulted in conversation with Goggans or a request by Goggans that Transworld stop

contacting her. *Id.* ¶ 16.

Goggans provides a different version of events during this time period. She says

that Transworld called her over 300 times during this 26-month period. Pls.' Resp. to

Def.'s ASUMF ¶ 17. She also testified during her deposition that she repeatedly told

them to stop calling. *See* Pls.' Resp. to Def.'s ASUMF, Ex. B (Goggans Dep.) at 23:4–

10, 83:14–85:24, 127:20–23, 128:24–130:8. Goggans testified that she often did this as

soon as she picked up the phone, before the caller had the chance to launch into his

pitch. *Id.* at 133:10–134:1.

The parties agree, however, that Goggans spoke with a Transworld

representative on May 28, 2015. Pls.' Resp. to Def.'s ASUMF ¶ 18. A Transworld

employee called Goggans and told her that she was calling about the Pacific Beach

account with a balance of $90.24. Klein Decl., Ex. 1. Goggans stated that she was

unaware that she owed Pacific Beach any money. *Id.* She indicated that she would

contact Pacific Beach and asked Transworld for an account number she could

reference. *Id.* During this conversation, Goggans never asked Transworld to stop

calling her regarding the Pacific Beach account. The parties agree that Transworld did

not call Goggans after the May 2015 conversation. Pls.' Resp. to Def.'s ASUMF ¶ 20.

Goggans filed a class-action complaint in February 2016, naming as plaintiffs

herself and a minor who allegedly received similar calls from Transworld. In October

2016, Goggans filed an amended complaint removing the minor as plaintiff and adding

another class claim. In January 2017, Goggans filed a second amended complaint adding French and Cahill as named plaintiffs. In count 1, plaintiffs allege that Transworld negligently violated the TCPA by calling them using an autodialer or artificial voice without their consent. Second Am. Compl. ¶¶ 99–105. Plaintiffs allege in count 2 that Transworld's violations of the TCPA were knowing or willful. In count 3, Goggans alone alleges that this same conduct violates the FDCPA and that Transworld further violated the FDCPA by calling her from a phone number designed to mimic her geographic location (i.e. with an area code from her geographic area). *See id.* ¶¶ 90, 106–08. Goggans alleges in count 4 that this same conduct violates California's Rosenthal Act. *Id.* ¶¶ 109–12. The three plaintiffs also seek to certify two classes, one for the claims brought under the TCPA and one for the claim brought under the FDCPA. *Id.* ¶¶ 88–98. The proposed TCPA class includes all persons whose cell phone number was called by Transworld using an autodialer or an artificial voice in the four years prior to the filing of this action, excluding those who Transworld called for emergency purposes. *Id.* ¶ 89. The proposed FDCPA class includes all persons who live in California and received a call from Transworld, in the year prior to the filing of this action, in which Transworld used an area code assigned to California. *Id.* ¶ 90.

## Discussion

Transworld has moved for summary judgment on Goggans's claims in counts 1 and 2 and also asks the Court to strike the class claims asserted in the second amended complaint. Transworld argues that Goggans expressly consented to receiving phone calls on her cell phone and never revoked that consent. Transworld also argues that the class claims should be stricken because the issue of consent is an individual

issue that defeats the predominance requirement for class certification under Federal Rule of Civil Procedure 23(b)(3).

When reviewing a motion for summary judgment, the Court examines the record in the light most favorable to the non-moving party and makes all reasonable inferences in her favor. *Lox v. CDA, Ltd.*, 689 F.3d 818, 821 (7th Cir. 2012). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (7th Cir. 2008).

## I. Consent under the TCPA

### A. Prior express consent

The TCPA makes it illegal to use an automatic telephone dialing system or an artificial or prerecorded voice to call a cell phone number, unless the call is for emergency purposes or the caller has the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). Prior express consent is an affirmative defense on which the defendant bears the burden of proof. *See Zeidel v. YM LLC USA*, No. 13 C 6989, 2015 WL 1910456, *2 (N.D. Ill. Apr. 27, 2015); *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012); *Charvat v. Allstate Corp.*, 29 F. Supp. 3d 1147, 1149 (N.D. Ill. 2014); *see also Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *cf. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("2008 FCC Order"), 23 F.C.C.R. 559, 564–65 ¶ 10 (2008).

The TCPA does not provide a standard for determining when a party has given prior express consent, but the FCC has issued guidance on the issue, which is binding on this Court under the Hobbs Act. *See Williams v. Capital One Bank (USA), N.A.*, No.

16-3850, 2017 WL 1155356, at *1–2 (7th Cir. Mar. 28, 2017). The FCC has determined that providing a cell phone number to a creditor "reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." 2008 FCC Order at 564 ¶ 9. The consumer has given consent only "if the wireless number was provided by the consumer to the creditor, and [ ] such number was provided during the transaction that resulted in the debt owed." *Id.* at 564–65.

Transworld argues that Goggans consented to receiving calls about her Pacific Beach account by providing her cell phone number on the patient registration form she completed during her appointment. The Court agrees. Goggans admits that she provided Pacific Beach with her cell phone number twice, once in the patient information section and once in the responsible party section. *See* Pls.' Resp. to Def.'s ASUMF ¶¶ 11–12; Pls.' Opp'n at 6. And courts have typically found that providing a phone number to a medical provider constitutes consent to receive calls at that number regarding the medical debt. *See, e.g.*, *Mitchem v. Ill. Collection Serv., Inc.*, 2012 WL 170968, at *2 (N.D. Ill. Jan. 20, 2012). Goggans provided her phone number to Pacific Beach during a transaction (an appointment for medical services) that resulted in an alleged debt (payment owed for those services). Thus no reasonable factfinder could infer that Goggans did not consent to receiving calls from Transworld regarding payment for these services.

Goggans argues that providing her cell phone number did not constitute consent because the transaction did not create any debt. She contends that she paid in full at the time of her appointment and therefore did not owe Pacific Beach any money. Thus, according to Goggans, she did not provide her phone number "during the transaction

that resulted in the debt owed," because there is no debt owed.  But Goggans does not point to any case law indicating that a defendant in a TCPA case asserting a defense based on consent is required to prove that the plaintiff was in fact liable for the debt. Transworld has provided evidence that it received Goggans' account from Pacific Beach; Pacific Beach indicated that she owed money on her account; and Pacific Beach provided her cell phone number as the only means of contact.  This is sufficient to establish that Goggans provided her cell phone number during the transaction that resulted in the debt owed; no reasonable fact finder could find otherwise.

Further, Goggans has not provided any evidence that she paid for her medical services in their entirety.  She does not provide a receipt from Pacific Beach or records from her own finances indicating the amount due for the services or the amount she paid on that date.  Goggans points to the language of the patient registration form, which indicates that if the patient does not provide insurance information, she must pay in full at the time of the appointment.  Because she did not provide any insurance information, Goggans argues, she must have paid in full.  The Court finds that—in the context of a consent defense to a TCPA claim—this is insufficient to contradict Transworld's evidence that Goggans had an outstanding balance on her account. Goggans has not provided evidence that reflects that there is a genuine dispute on whether she paid in full for her medical services.  In sum, no reasonable factfinder could infer that Goggans did not provide her phone number during the transaction giving rise to the debt at issue.

Goggans next argues that even if she consented to receiving phone calls, the scope of the consent extends only to calls about treatment and not to calls about

payment. Pls.' Opp'n at 6–7. Courts have held that prior express consent is limited in scope to the purpose for which it was granted. *See Zeidel*, 2015 WL 1910456, at *3; *Van Patten*, 847 F.3d at 1046; *see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* (2012 FCC Order), 27 F.C.C.R. 1830, 1849 ¶ 25 (2012) ("Consumers who provide a wireless phone number for a limited purpose—for service calls only—do not necessarily expect to receive telemarketing calls that go beyond the limited purpose for which oral consent regarding service calls may have been granted.").

The Court finds, however, that no reasonable factfinder could infer that Goggans did not consent to receiving calls about payment for her treatment. She provided her cell phone number to her medical provider in order to receive and pay for services. She later received phone calls from Transworld regarding an outstanding balance on this account. These phone calls clearly come within the limited purpose for which Goggans provided her phone number to Pacific Beach. *Compare Dolemba v. Kelly Servs., Inc.*, No. 16 C 4971, 2017 WL 429572, at *4 (N.D. Ill. Jan. 31, 2017) (finding that calls were within the scope of plaintiff's consent where she gave defendant her phone number when expressing interest in positions using office skills and defendant later called her regarding a position as a machine operator); *Van Patten*, 847 F.3d at 1046 (finding that text messages were within the scope of plaintiff's consent where he gave defendant his cell phone number when signing up for gym membership and defendant sent text messages inviting plaintiff to "come back" and reactivate his gym membership); *with Kolinek v. Walgreen Co.*, No. 13 C 4806, 2014 WL 3056813, at *4 (N.D. Ill. July 7, 2014) (Kennelly, J.) (finding that calls were not within the scope of plaintiff's consent where he

gave defendant his phone number after being told it was needed for identity verification and defendant later used it to make prescription refill reminder calls).

The Court therefore concludes that Goggans consented to receiving phone calls regarding payment for her medical services from Pacific Beach.

**B.    Revocation of consent**

Transworld next argues that Goggans never revoked her consent.  The FCC has indicated that a consumer has the right to revoke consent if she no longer wishes to receive calls or texts.  *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991* (2015 FCC Order), 30 F.C.C.R. 7961, 7993–94 ¶ 56 (2015).  A consumer may revoke consent by any reasonable method.  *Id.* at 7996 ¶ 64.

Transworld alleges that the only time any of its representatives spoke with Goggans was a phone call on May 28, 2015, during which she clearly did not revoke consent.  But Goggans has provided evidence sufficient to show a genuine dispute regarding whether she revoked consent before the May 2015 phone call.  First, Goggans testified during her deposition that she repeatedly answered phone calls from Transworld prior to this date and told the company to stop calling her.  In rebuttal, Transworld points to statements by Goggans that she believed these phone calls were attempts to collect payment on her student loan debt and argues that therefore Goggans' testimony is insufficient to give rise to a genuine dispute.  *See* Def.'s Reply at 8.  But the fact that Goggans may have mistaken the reason behind Transworld's phone calls would not prevent a reasonable factfinder from concluding that she answered a phone call from Transworld and instructed them to stop calling her.

Transworld also argues that its records reflect that it never spoke with Goggans

prior to May 2015 and that all other calls it made before this date were disconnected before Goggans reached a representative. Klein Decl. ¶ 15. But Klein, Transworld's declarant, did not participate in any of the conversations, and Goggans has offered evidence from which a reasonable factfinder could conclude that Klein is mistaken. Goggans provides her cell phone records from AT&T, which indicate that she received several phone calls from different phone numbers, each with a 619 area code, between August 2013 and May 2015. Pls.' Resp. to Def.'s ASUMF, Ex. A (AT&T Records). According to Goggans, each of these calls was from Transworld, showing that she spoke with them multiple times prior to May 2015. She argues that the fact that the company's records do not reflect these phone calls indicates that its records are unreliable and do not support a conclusion that she did not revoke consent. Transworld points out that many of these calls indicate an elapsed time of 0:00, meaning that the company likely never connected with Goggans. *See, e.g.*, *id.* at 191. But the records also show at least four phone calls which lasted some length of time, during which it is plausible that Goggans, as she says, told Transworld to stop calling her. *See id.* at 208 (call on 9/13/13 lasting 0:35), 408 (call on 7/14/14 lasting 0:24), 456 (call on 9/17/14 lasting 0:20), 500 (call on 12/5/14 lasting 0:07). In sum, a reasonable factfinder could conclude that Goggans revoked her prior express consent. The Court therefore denies Transworld's motion for summary judgment on counts 1 and 2 as brought by Goggans.

## II.    Class allegations

Transworld also requests that the Court strike the class allegations from the second amended complaint. Transworld argues that the issue of consent is specific to Goggans and not an issue common to the class and therefore that plaintiffs cannot

meet the predominance requirement of Federal Rule of Civil Procedure 23(b)(3). The Court declines to strike the class allegations at this stage in the proceedings. First, plaintiffs have not filed a motion for class certification and therefore ruling on issues such as predominance would be premature. Second, the second amended complaint includes two additional plaintiffs—French and Cahill—whom plaintiffs contend will also represent the TCPA class. Thus even if Goggans faces an individualized consent defense on her TCPA claim, this would not prevent the other two plaintiffs from representing this class. The Court therefore denies Transworld's request to strike the class allegations.

## Conclusion

For the foregoing reasons, the Court denies Transworld's motion for partial summary judgment [dkt. no. 62] and denies its request to strike the class allegations.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 12, 2017