**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RENEE GOGGANS, RONALD FRENCH, TIFFANY CAHILL, and ROBERT NAIMAN, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | Case No. 1:16-cv-02387 **FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

RENEE GOGGANS, RONALD FRENCH,          )     Case No. 1:16-cv-02387
TIFFANY CAHILL, and ROBERT                       )
NAIMAN, on behalf of themselves and all     )     **FIRST AMENDED CONSOLIDATED**
others similarly situated,                               )     **CLASS ACTION COMPLAINT**
                                                                      )
                                      Plaintiffs,              )
                                                                      )
                    v.                                             )     **Jury Trial Demanded**
                                                                      )
TRANSWORLD SYSTEMS, INC., an              )     Hon. Judge Matthew F. Kennelly
Illinois corporation,                                       )
                                                                      )
                                      Defendant.           )
_____ )

Plaintiffs Renee Goggans, Ronald French, Tiffany Cahill, and Robert Naiman ("Plaintiffs"), by their undersigned counsel, for this First Amended Consolidated Class Action Complaint against Defendant Transworld Systems, Inc. and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "TSI" or "Defendant"), allege as follows:

**INTRODUCTION**

1.      Plaintiffs, as individuals and as class representatives for all others similarly situated, bring this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and its implementing regulations.

2.      Plaintiff Goggans also seeks redress individually and as a class representative for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and individually for violations of California's Rosenthal Fair Debt Collection Practices Act, Civ. Code § 1788 *et seq*. ("RFDCPA") and state law tort claims.

- 1 -

<u>**PARTIES**</u>

3.      Plaintiff Ronald French is a citizen of Illinois.

4.      Plaintiff Renee Goggans is a citizen of California.

5.      Plaintiff Tiffany Cahill is a citizen of California.

6.      Plaintiff Robert Naiman is a citizen of Michigan.

7.      Plaintiffs are, and at all times mentioned herein were, each considered a "person" as defined by 47 U.S.C. § 153(39).

8.      Defendant Transworld Systems, Inc. is an Illinois corporation with its principal place of business in Schaumburg, Illinois.

9.      Defendant is a collection agency and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendant is a person who, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Defendant is not an attorney or counselor at law, nor an association of such licensed professionals.

<u>**JURISDICTION AND VENUE**</u>

10.      This Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47 U.S.C. § 227(b), 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d). This Court has jurisdiction over pendant state law claims pursuant to 28 U.S.C. § 1367.

11.      Venue is proper in this District as Defendant's corporate headquarters is located within this District at 1375 East Woodfield Road, Schaumburg, Illinois 60173-6068.

**THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

12.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain unwanted calling practices.

13.     The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

14.     In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  TCPA, Pub. L. No. 102–243, § 2(11). Toward this end, Congress found:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 2(12); *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

15.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA

provides a private right of action to persons who receive calls in violation of Section 227(b)(1)(A). *Id.* § 227(b)(3).

16.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call[.]"Pub. L. No. 102–243, § 2(13). *See also Mims*, 132 S. Ct. at 744.

17.     As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act …  is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 638 (7th Cir. 2012).

## FACTUAL ALLEGATIONS

### Facts Specific to Plaintiff French

18.     Defendant has initiated multiple telephone calls to Plaintiff French's cellular telephone in an attempt to collect a debt.

19.     Upon information and belief, the debt on which Defendant was attempting to collect was a debt allegedly owed by an individual other than Mr. French.

20.     Upon information and belief, the debt on which Defendant was attempting to collect was a debt allegedly owed by an individual named Dennis Qualls.

21.     As the recipient of these calls, it is difficult for Plaintiff French to know the precise purpose behind them. Accordingly, Plaintiff French alleges that, upon information and

belief, there were additional purposes and/or debtors behind the calls to Plaintiff's cellular telephone.

22.     In any event, Plaintiff French is not Dennis Qualls.

23.     Plaintiff French does not know the individual allegedly responsible for the debt on which Defendant was attempting to collect.

24.     Plaintiff French does not owe the debt on which Defendant was attempting to collect when it called as to Dennis Qualls.

25.     Notwithstanding the fact that Plaintiff French was not the individual responsible for the debt, Defendant has initiated multiple telephone calls to Plaintiff French's cellular telephone.

26.     For example, but not by limitation, on or about May 25, 2016 and again on June 1, 2016, Defendant, or some person authorized by Defendant, called Plaintiff French's cellular telephone number.

27.     The calls from Defendant originated from telephone number (312) 940-6095, which is a telephone number that is assigned to Defendant.

28.     When Plaintiff answered the incoming calls from Defendant, Plaintiff noticed an audible delay of approximately five (5) seconds during which time Plaintiff French repeatedly stated "hello, hello".

29.     After the approximately five (5) second delay, a representative of Defendant joined the call.

30.     During the course of the telephone call between Defendant and Plaintiff French on or about May 25, 2016, Defendant indicated that he was calling to collect a debt allegedly owed by an individual named Dennis Qualls.

31.     Plaintiff French informed Defendant that he was not Dennis Qualls and that he did not know Dennis Qualls.

32.     Plaintiff French further informed Defendant that the cellular telephone number dialed by Defendant was a telephone number that had been re-issued to Plaintiff in or around 2012.

33.     Defendant intentionally disconnected the call.

34.     Despite being informed that Plaintiff French was not Dennis Qualls, despite being informed that Plaintiff's cellular number was a number re-issued to Plaintiff in or around 2012, and despite being informed that Defendant was unable to reach Mr. Qualls by dialing Plaintiff's cellular telephone number, Defendant proceeded to initiate further telephone calls to Plaintiff and directed to Plaintiff's cellular telephone number in an attempt to collect the debt.

35.     The aforesaid telephone calls from Defendant to Plaintiff were autodialed as evidenced by the audible delay when Plaintiff answered the telephone and the delay for a representative to respond to the fact that Plaintiff had answered the call.

36.     Upon information and belief, the calls to Plaintiff French's cellular telephone were made using Transworld's Ontario FACS dialer and/or by Transworld's use of the LiveVox calling platform and/or some other dialing system.

37.     When the dialing system detected that the call was answered by Plaintiff French, a representative was notified to join the telephone call to Plaintiff, hence the delay.

38.     Moreover, the calls Defendant made were made using equipment that were used to automatically and sequentially call a list of telephone numbers, including Plaintiff's cellular telephone number.

39.     Upon information and belief, Defendant made and attempted more autodialed telephone calls to Plaintiff French and the class members within the four years leading to the filing of this complaint, using the same or similar equipment. Discovery from Defendant and its dialer and telephone vendors is needed to confirm the precise volume of telephone calls.

40.     Plaintiff French did not consent to receiving these telephone calls. Defendant knew or should have known this fact.

41.     Illinois-licensed debt collection agencies like Defendant have a duty to keep track of the persons that they speak with on the phone. 68 Ill. Admin. Code § 1210.140(b)(1)(A)(iii). Upon information and belief, Defendant complied with this duty through implementation of sophisticated data/information collection and maintenance systems that will assist in class notice.

42.     Upon information and belief, Defendant or some vendor on its behalf, obtained Plaintiff's phone number from a skip-trace or similar third-party source other than from Plaintiff French.

### Facts Specific to Plaintiff Goggans

43.     Plaintiff Goggans is and at all times mentioned herein was a citizen and resident of the State of California. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) and California Civil Code § 1788.2(g). Plaintiff resides in San Diego, California, and is allegedly obligated with respect to a consumer debt as that term is defined in 15 U.S.C. § 1692c(b).

44.     Plaintiff Goggans is the subscriber to cellular telephone service provided by AT&T Mobility, LLC. Pursuant to the terms of service, the account is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii). The cell phone number upon which she received calls from Defendant is 619-XXX-6507.

45.     The FDCPA, specifically 15 U.S.C. § 1692a(5), sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes.

46.     Plaintiff Goggans is informed and believes, and on that basis alleges, that Defendant was retained by Pacific Beach Urgent Care to collect on a debt allegedly owed by her. Plaintiff visited an urgent care center on Fanuel Street in San Diego, California, in Spring 2012 for stomach pains and paid approximately $80 in advance, the full charge for treatment.

47.     Despite not owing money to anyone for this medical consultation, Defendant soon thereafter began calling Plaintiff Goggans to collect on an alleged debt of $78.56 supposedly owed by Plaintiff to Pacific Beach Urgent Care.

48.     This alleged debt was incurred for personal, family, or household purposes, namely personal medical services, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5) and "consumer debt" under Cal. Civ. Code §§ 1788.2(d), (e), and (f).

49.     Defendant's multiple calls to Plaintiff Goggans discussed in this Complaint all fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

50.     Plaintiff Goggans is a subscriber to cellular telephone services for a telephone number ending in 6507, where she received the calls from Defendant complained of herein.

51.     Plaintiff Goggans did not provide the 6507 telephone number to Defendant through any medium at any time. Defendant obtained Plaintiff's contact information, including the 6507 number, through means unknown to her.

52.     On or around March 2013, Defendant initiated multiple telephonic communications from various telephone numbers to Plaintiff Goggans' cellular telephone number

ending in 6507 using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

53.     The calls continued through May 28, 2015 and came virtually every day and often more than once per day. In total, Defendant placed not less than three hundred and nine (309) calls to Plaintiff Goggans's cellular telephone number ending in 6507.

54.     Each of these identified calls were made with ANI / caller ID information showing that it was originated in the 619 area code and in the 870 telephone exchange. That area code and telephone exchange is assigned to Chula Vista, California. Upon information and belief, Defendant has no call center in Chula Vista, California and instead originated the calls from its call centers in Guaynabo, Puerto Rico and Quezon City, Philippines. Defendant used ANI / caller ID information in placing its collection calls in order to increase the chances that Plaintiff would accept the call, even though it was a deliberate misrepresentation of the calls' geographic origins.

55.     None of the calls were made with Plaintiff Goggans' express consent.

56.     Plaintiff Goggans answered several of the above mentioned autodialed telephone calls from Defendant to her cellular telephone number ending in 6507 and asked Defendant to stop calling. She explained that she was not obligated on the debt Defendant claimed she owed, yet the calls continued without interruption.

57.     Directly as well as through its subsidiaries, contractors and agents, Defendant employs hundreds of persons at various call centers throughout the country and overseas. These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the hundreds of thousands of debts collected by Defendant.

58.     A significant portion, if not a majority, of Defendant's business operations are dedicated to servicing medical debt and consumer loans that are in default, foreclosure, have been charged off by the original lender, or are subject to discharge in bankruptcy.

59.     Defendant's regular business practices include making repeated phone calls to persons it believes responsible for paying past-due accounts.

60.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff gave her express consent to Defendant to use an autodialer to call her cell phone within the meaning of the statute. *See* FCC Declaratory Ruling, 23 FCC Rcd. at 565 (¶ 10).

61.     In calling Plaintiff Goggans on her cellular telephone line multiple times at various times per day using an ATDS and without her consent, Defendant violated 47 U.S.C. § 227(b).

62.     Through this conduct of calling Plaintiff more than once when Defendant knew or should have known that Plaintiff was not obligated on the alleged consumer debt, Defendant violated 15 U.S.C. § 1692b(3), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

63.     Through this conduct of calling Plaintiff Goggans and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number, Defendant engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of 15 U.S.C. § 1692d(5), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

64.     Through this conduct of calling Plaintiff Goggans using deliberately false caller ID area code information, Defendant used false, deceptive, or misleading representations in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

65.     Each of the above-described practices and conduct outlined in the paragraphs above also constitute unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

66.     Plaintiff Goggans and the class have been substantially damaged by defendant's calls. Their privacy was improperly invaded, they were forced to spend time dealing with the improper calls, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet*, 679 F.3d 637 (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

67.     Through this conduct of calling Plaintiff Goggans by means of an ATDS to a telephone number assigned to cellular service without first obtaining Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

- 11 -

68.     Through this conduct of calling Plaintiff Goggans using an artificial or prerecorded voice to a telephone number assigned to cellular service without first obtaining the Plaintiff's express consent in order to collect on a consumer debt, Defendant used unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f, which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17.

69.     The calls placed by Defendant to Plaintiff Goggans were extremely intrusive into her personal life, including her relationships with close family members.

**Facts Specific to Plaintiff Tiffany Cahill**

70.     Plaintiff Cahill is and at all times mentioned herein was a citizen and resident of the State of California, in the City of San Diego. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39)

71.     On or before September 2015, Plaintiff Cahill began receiving telephone calls from Defendant on her cellular telephone ending in 2493 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). Plaintiff Cahill never communicated with Defendant before Defendant began calling her, and she does not know of the underlying alleged obligations for which Defendant is collecting.

72.     This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

73.     Plaintiff Cahill received at least 94 calls since September 2015 or earlier from Defendant regarding allegedly owed obligations.

- 12 -

74. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

75. Plaintiff Cahill was personally affected because she was frustrated and distressed that despite her telling Defendant to stop calling her on her cell phone, Defendant continued to harass Plaintiff with calls using an ATDS.

76. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.

77. The calls from Defendant came from phone numbers including, but not limited to, 619-870-1797 and 619-870-1854 — two numbers also used to call Plaintiff Goggans.

78. Further, Plaintiff specifically revoked any consent, which may have been mistakenly believed, when she informed Defendant to stop calling.

79. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

80. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

81. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

82. Plaintiffs are informed and believes and here upon allege, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

83. Plaintiffs did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone with an artificial or prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

- 13 -

84. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

**Facts Specific to Plaintiff Naiman**

85. Defendant has initiated multiple telephone calls to Plaintiff Naiman's cellular telephone number in an attempt to collect a debt.

86. The debt on which Defendant was attempting to collect was a debt allegedly owed by an individual other than Mr. Naiman.

87. Upon information and belief, the debt on which Defendant was attempting to collect was a debt allegedly owed by his father.

88. Plaintiff Naiman does not owe the debt on which Defendant was attempting to collect when it called his phone and, in any case, Plaintiff has never provided his phone number to Defendant or otherwise given it permission to call him.

89. Notwithstanding the fact that Plaintiff Naiman was not the individual responsible for the debt, Defendant has initiated multiple telephone calls to Plaintiff Naiman's cellular telephone number.

90. For example, but not by limitation, Defendant left the following voicemail message during a call to Plaintiff's cellular telephone number in or around early March of 2017:

> Hello. This is an important message from Transworld Systems Incorporated, a debt collection company. This is an attempt to collect a debt, and any information obtained will be used for that purpose. Please return the call to Brian Armstrong, at (800) 735-1998. Again, that's Brian Armstrong, at (800) 735-1998. Thank you.
>
> Transworld Systems Incorporated is a debt collection company. This is an attempt to collect a debt, and any information obtained will be used for that purpose. When calling, please refer to your ID code, 1732805. Thank you.

91. Defendant's call to Plaintiff's cellular telephone number used a prerecorded voice. The message Defendant left on Plaintiff's voicemail had been recorded before Defendant initiated the call.

- 14 -

92.     The voice used in the message Defendant left during the call to Plaintiff's cellular telephone number was also artificial. The recording did not sound like a live speaker, and it contained unnatural breaks within the content of the message, such as before identifying the call-back representative's name. On information and belief, the message was originally created using text-to-speech software.

93.     On information and belief, Defendant called Plaintiff's cellular telephone number after Plaintiff informed Defendant it was calling the wrong person.

94.     On information and belief—including based Defendant's use of prerecorded/artificial voice messages, the calls to Plaintiff Naiman's cellular telephone were made using Transworld's Ontario FACS dialer and/or by Transworld's use of the LiveVox calling platform and/or some other dialing system.

95.     Moreover, the calls Defendant made were made using equipment that were used to automatically and sequentially call from a database or list of telephone numbers, including Plaintiff's cellular telephone number.

96.     Plaintiff Naiman did not consent to receiving these telephone calls. Defendant knew or should have known this fact.

97.     Upon information and belief, Defendant, or some vendor on its behalf, obtained Plaintiff's phone number from a skip-trace or similar third-party source other than from Plaintiff Naiman.

98.     Plaintiffs and the Class have been substantially damaged by Defendant's calls. Their privacy was improperly invaded, they were forced to spend time dealing with the improper calls, they were charged for the calls and they were annoyed.

## CLASS ACTION ALLEGATIONS

99.     Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all others similarly situated.

100.     The proposed TCPA Class that all Plaintiffs seek to represent is defined as follows:

> All persons who had or have a number assigned to a cellular telephone service, which number was called by Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice, on or after the date four years prior to filing of this action. Excluded from the class are persons whom Defendant called for emergency purposes.

101.     The proposed FDCPA Class that Plaintiff Goggans seeks to represent is defined as followed:

> All persons who reside in California and had or have received a call from Defendant, on or after the date one year prior to the filing of this action, in which Defendant or one of its agents caused to be displayed on the recipient's telephone a Caller ID area code geographically assigned to California by the North America Numbering Plan.

102.     Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the members of each Class number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

103.     Each Class is so numerous that joinder of all members is impracticable. On information and belief, the Classes each have more than 1,000 members. Moreover, the disposition of the claims of the Class members in a single action will provide substantial benefits to all parties and the Court.

104.    There are numerous questions of law and fact common to Plaintiffs and members of the Classes, and these questions predominate over any questions affecting individual members. These common questions of law and fact include, but are not limited to, the following:

    a.    Whether Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, used (1) an automatic telephone dialing system or (2) prerecorded or artificial voice, as is used in the TCPA and applicable FCC regulations and orders with respect to the calls at issue;

    b.    Whether Defendant initiated multiple telephone calls to consumers after being notified that it had called a wrong number;

    c.    Whether Defendant's violations were willful and/or knowing;

    d.    Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

    e.    Whether Defendant made any call using falsified caller ID area code information to any telephone number in violation of the FDCPA.

105.    Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the Class.

106.    Defendant has engaged in a common course of conduct toward Plaintiffs and members of the Classes, and the factual and legal bases of Defendant's liability to Plaintiffs and

to the other Class members are the same. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

107.   A class action is an appropriate method for the fair and efficient adjudication of this controversy because, among other things, (a) the members of the Class are so numerous that joinder is impracticable, (b) most members of the Class could not reasonably vindicate their rights by individual lawsuits because their damages are small relative to the burden and expense of litigating individual actions, and (c) the class treatment of common questions of law and fact conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

108.   Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacting Plaintiffs and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

109.   Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, and based on his experience, Plaintiffs allege that the calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**First Claim for Relief**
**Negligent Violations of the TCPA**
47 U.S.C. § 227
For all Plaintiffs

110.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

111.    The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227. Defendant has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt, using an automatic telephone dialing system or an artificial or prerecorded voice, without the prior consent of the called parties.

112.    As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiffs and each Class member are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

113.    Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future. 47 U.S.C. § 227(b)(3).

**Second Claim for Relief**
**Knowing and/or Willful Violations of the TCPA**
47 U.S.C. § 227
For all Plaintiffs

114.    Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs of this Complaint as though fully stated herein.

115.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

116.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiffs and each Class member are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

### Third Claim for Relief
### FDCPA
15 U.S.C. § 1692 *et seq.*
As to Plaintiff Goggans

117.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

118.    The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 *et seq.*

119.    As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Fourth Claim for Relief
### Rosenthal FDCPA
Cal. Civ. Code §§ 1788-1788.32
As to Plaintiff Goggans

120.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

121.    The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

122.    As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or

willful violation in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

123. This Fourth Claim for Relief is alleged on an individual basis only for Plaintiff Goggans.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against Defendant as follows:

A. Certification of the proposed Classes;

B. Appointment of Plaintiffs as representatives;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violated the TCPA;

E. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the FDCPA;

F. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the RFDCPA;

G. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

H. An award to Plaintiffs and the Classes of damages, as allowed by law;

I. An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

J. Leave to amend this Complaint to conform to the evidence presented at trial; and

K. Such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

Respectfully submitted,

Dated: April 20, 2017                    By:  /s/ Alexander H. Burke
                                              One of Plaintiffs' Attorneys

Roberto Robledo                          Mark D. Ankcorn
LAW OFFICES OF ROBERTO ROBLEDO           ANKCORN LAW FIRM, PC
9845 Erma Road, Suite 300                11622 El Camino Real, Suite 100
San Diego, CA 92131                      San Diego, CA 92130
Telephone: (619) 500-6683                Telephone: (619) 870-0600
Facsimile: (619) 810-2980                Facsimile: (619) 684-3541
roberto@robertorobledo.com               mark@ankcornlaw.com

Abbas Kazerounian                        Alexander H. Burke
Jason A. Ibey                            Daniel J. Marovitch
KAZEROUNI LAW GROUP, APC                 BURKE LAW OFFICES, LLC
245 Fischer Ave.                         155 N. Michigan Ave., Suite 9020
Costa Mesa, CA 92626                     Chicago, IL 60601
Telephone: (800) 400-6808                Telephone: (312) 729-5288
Facsimile: (800) 520-5523                Facsimile: (312) 729-5289
ak@kazlg.com                             aburke@burkelawllc.com
jason@kazlg.com                          dmarovitch@burkelawllc.com

Joshua B. Swigart                        Larry P. Smith
Yana A. Hart                             David M. Marco
HYDE & SWIGART                           SMITHMARCO, P.C.
2221 Camino Del Rio S., Suite 101        55 W. Monroe St., Suite 1200
San Diego, CA 92108                      Chicago, IL 60603
Telephone: (619) 233-7770                Telephone: (312) 361-1690
josh@westcoastlitigation.com             Facsimile: (312) 602-3911
yana@westcoastlitigation.com             lsmith@smithmarco.com
                                         dmarco@smithmarco.com

Daniel G. Shay
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio S., Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
danielshay@tcpafdcpa.com

*Counsel for Plaintiffs*